NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4193
_____

UNITED STATES OF AMERICA

v.

JAMES A. SCHIAVONE,

Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-98-cr-00179-011)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2010

_____

Before:  MCKEE, Chief Judge, AMBRO and CHAGARES, Circuit Judges

(Opinion filed   September 29, 2010  )
_____

OPINION
_____

AMBRO, Circuit Judge

James Schiavone appeals the District Court's sentencing order following the

revocation of his supervised release.  Schiavone argues that the imposition of a 22-month

term of imprisonment was substantively unreasonable. We disagree, and thus affirm the District Court's order.

## I.

In 1999 Schiavone pled guilty to one count of conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846. He was sentenced to 78 months of imprisonment and four years of supervised release. During his term of supervised release, Schiavone was involved in, among others, two state law offenses: first, he attempted to return for reimbursement a $134.99 coffee pot that he had not purchased and was charged with theft by deception; and second, he was arrested and charged with burglary. In 2009 he pled guilty to conspiracy to commit theft by deception and was placed on 12 months' probation and ordered to pay a $1,000 fine. His burglary charges were pending at the time of sentencing.

In May 2009 the United States Probation Office filed a petition seeking to revoke Schiavone's supervised release for violating the condition that he not commit another federal, state, or local crime. In October 2009 the United States District Court for the Middle District of Pennsylvania held a hearing on the petition. It revoked Schiavone's supervised release and imposed (as noted) the 22-month prison term. Schiavone appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a sentence imposed upon a revocation of supervised release for reasonableness. *United*

*States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (citing *United States v. Booker*, 543 U.S. 220, 261-62 (2005)). In exchange for Schiavone's admission to the theft by deception offense, the Government dismissed the Grade A burglary and pursued only the Grade B theft by deception.[1] The Grade B offense,[2] combined with his criminal history category VI, yielded a Sentencing Guidelines range of 21-27 months at step one (calculating the Guidelines sentencing range for the offense) of our sentencing framework under *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). *See* U.S.S.G. § 7B1.4. Proceeding to *Gunter*'s third step (actual sentencing under the factors set out in 18 U.S.C. § 3553(a)),[3] the District Court considered the nature of the offense and Schiavone's history and characteristics. It adopted the Government's recommendation of 22 months' imprisonment.

Schiavone argues that his sentence was unreasonable in light of the 3553(a) sentencing factors because the District Court did not meaningfully consider several potentially mitigating circumstances. First, Schiavone argues that his offense—the

---

[1] The alleged burglary was a more serious violation; as a violent crime it constitutes a Grade A violation of Supervised Release under U.S.S.G. § 7B1.1(a)(1). The Guidelines recommend that a Court revoke supervised release upon finding a Grade A violation.

[2] Under the Guidelines, Grade B violations include state offenses punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2).

[3] Step two under *Gunter* requires the sentencing court to rule on motions for departure by either party, and state how the departure would affect the Guidelines calculation. *Gunter*, 462 F.3d at 247.

2

deceptive return of a coffee pot—was not very serious (had it cost less than $50.00, his offense would have been Grade C).[4]  Second, he was near the end of his supervised release term (with only four months remaining).  Finally, Schiavone contends he cooperated with the local police after the filing of charges.  Taken together, Schiavone argues, these circumstances warranted a below-range sentence pursuant to the policy statement of § 7B1.4 of the Sentencing Guidelines.

We disagree.  The District Court was not required to recite and apply each of the § 3553(a) factors.  Rather, it needed to consider them rationally and meaningfully.  *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).  The Court agreed that the underlying theft by deception offense was not serious.  It was nonetheless a violation of the supervised release term, which prohibited criminal offenses.  The Court observed this was a term with which Schiavone had difficulty complying, *see* 18 U.S.C. § 3553(a)(1).  In the same vein, it addressed Schiavone's history of consistent offenses, and the concomitant need for the sentence to promote respect for the law, *see id.* § 3553(a)(2)(A), to deter generally, *see id.* § 3553(a)(2)(B), and to protect the public from his future crimes, *see id.* § 3553(a)(1)(C).  Finally, the Court acknowledged the need to avoid unnecessary sentencing disparities, *see id.* § 3553(a)(6).  It therefore "considered the relevant factors." *Cooper*, 437 F.3d at 329.

---

[4] He also said that he was deceived, by a woman whom he had never before met, into returning the coffee pot.

Moreover, the Court reasonably considered Schiavone's request for a below-Guidelines sentence. In light of the foregoing factors applied to his case, as well as his agreement with the Government for a 22-month sentence, the Court was well within its discretion to reject Schiavone's arguments for a downward variance from the Guidelines range.

Accordingly, we hold that Schiavone's sentence, at the low end of the advisory Guidelines range, was reasonable in this context. We thus affirm the District Court's sentence.